United States District Court
Southern District of Texas

**ENTERED**

April 06, 2023

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| THEODORE KHNANISHO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:22-CV-00233 |
| | § | |
| OSCAR RIVERA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Theodore Khnanisho, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. The defendants have moved to dismiss. (Doc. Nos. 19, 20.) For the reasons discussed below, the undersigned recommends that the district court DISMISS Plaintiff's claim without prejudice for lack of subject matter jurisdiction. Alternatively, the district court should DISMISS Plaintiff's claims with prejudice for failure to state a claim upon which relief may be granted and because one of the defendants is a nonjural entity. Finally, and alternatively, the district court should DISMISS Plaintiff's claims without prejudice because he has not properly served the defendants.

### A. Jurisdiction.

This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636. Plaintiff claims to bring this suit pursuant to 42 U.S.C. § 1983. Subject matter jurisdiction will be discussed in greater detail in a moment, but the Court generally has federal question jurisdiction over such cases pursuant to 28 U.S.C. § 1331. Plaintiff also states that he brings this case under article

55.04 of the Texas Code of Criminal Procedure, asserting that the Court has supplemental

jurisdiction under 28 U.S.C. § 1367(a) to hear the merits of this Texas state law claim.  (Doc. No.

1-1, p. 5.)  He also contends that the Court has jurisdiction under 28 U.S.C. §§ 2201 and 2202

"to declare the rights of the parties and to grant all further relief found necessary and proper."  *Id.*

### B. Proceedings.

#### 1. Plaintiff's underlying complaint against the defendants.

The defendants in this case are several employees of San Patricio County, Texas, along

with the San Patricio County Sheriff's Department and a private attorney.  The defendants

associated with San Patricio County are Sheriff Oscar Rivera ("Sheriff Rivera"), County

Attorney Tamara Cochran-May ("County Attorney Cochran-May"), County Clerk Gracie

Alaniz-Gonzales ("County Clerk Alaniz-Gonzales"), District Clerk Heather Marks ("District

Clerk Marks"), Records Clerk Heather Coffin ("Records Clerk Coffin").  Collectively, these

defendants are referred to in this memorandum as the "County Defendants."  Plaintiff also sues

the San Patricio County Sheriff's Department (the "Sheriff's Department").  The private attorney

defendant is Christopher Gale ("Attorney Gale").

Broadly stated, Plaintiff is suing the County Defendants and the Sheriff's Department

because he believes they improperly provided to a prospective employer (an unspecified police

department) an allegedly expunged record of an arrest of Plaintiff, and that this action prevented

Plaintiff from being hired by that police department.  Plaintiff contends that a Texas state court

had ordered the expunction of his arrest record, and that he was subsequently denied

employment with that police department because the County Defendants wrongly disclosed the

arrest record to the hiring police department in violation of the state court's expunction order.

(Doc. No. 1-1, pp. 1-2.)  Plaintiff states: "I lost a career."  (Doc. No. 1, p. 6.)  He alleges that he

2/28

contacted all of the individual defendants in this lawsuit, including Attorney Gale, whom Plaintiff alleges represented Plaintiff during the state expunction action, but that he was ignored and that no correction was made.  *See* Doc. No. 1, pp. 5-6; Doc. No. 1-1, p. 6.

Plaintiff sues Sheriff Rivera, County Attorney Cochran-May, and County Clerk Alaniz-Gonzales in both their individual and official capacities.  *See* Doc. No. 1-1, pp. 2-3.  He sues District Clerk Marks and Records Clerk Coffin only in their individual capacities.  *Id.* at 3. Plaintiff does not appear to allege that Attorney Gale has an "official capacity;" he states that he sues Attorney Gale in his individual capacity.  *Id.* at 4.

Plaintiff states that, as a result of the defendants' actions, he "suffered deprivations of [his] constitutional rights guaranteed by section 55.04 Violation of [Expungement] Order of the U.S. Constitution." (Doc. No. 1-1, p. 8.)  As relief, he seeks punitive damages of $1 million, for "their intentional, willful, and wanton acts completely ignoring and violating 'clearly established statutory and constitutional rights of which a reasonable person would have known.'" (Doc. No. 1, p. 5; Doc. No. 1-1, p. 8.)  He also requests declaratory relief, in the form of a declaration that "Defendants violated Plaintiff's Order of Expungement, which was a lack of following orders by all Defendants." (Doc. No. 1-1, p. 8.)  Additionally, Plaintiff requests punitive damages against the defendants, as well as costs or bringing this suit.  *Id.* at 9.  Alternatively, Plaintiff requests the award of "nominal damages for violations of Plaintiff's civil rights."  *Id.* at 8.

### 2. *Plaintiff seeks, unsuccessfully, to proceed without prepayment of fees.*

Plaintiff sought to proceed in this case *in forma pauperis*.  To examine whether Plaintiff qualified to proceed without prepayment of fees, this Court opened a "miscellaneous case."  *See Khnanisho v. Rivera*, No. 2:22-mc-00096 (S.D. Tex.).  The undersigned recommended a finding that Plaintiff did not qualify to proceed *in forma pauperis*, and that Plaintiff be required to pay

the filing fee. *Id.*, Doc. Nos. 5, 6. Plaintiff ultimately paid the filing fee prior to the district court's action on that recommendation, however, mooting the issue, and the miscellaneous case was closed. *Id.*, Doc. No. 8. This case was then docketed as a separate civil action.

***3. Plaintiff's attempt to effect service of process.***

Having paid the filing fee, Plaintiff requested the issuance of summonses for service of process. (Doc. No. 9.) He also filed a document that the Court construed as a request for service of process by the United States Marshal. (Doc. No. 10.) The Court ordered the Clerk to examine the summonses and, if they were properly completed, to issue them to Plaintiff so that Plaintiff could effect service of process. (Doc. No. 11, p. 2.) The Court denied Plaintiff's request to proceed without prepayment of fees or costs and directed that Plaintiff himself arrange for service. *Id.* The Court's order cited the applicable federal rules for service of process, and reminded Plaintiff of the deadline for service. *Id.*; *see* Fed. R. Civ. P. 4(m). The Clerk subsequently found that the summonses were properly completed; the Clerk issued the summonses to Plaintiff on December 1, 2022.

On December 22, 2022, Plaintiff filed two certified mail receipts with the Clerk. (Doc. No. 13, p. 3.) Those receipts purported to show that certified mail was delivered to Attorney Gale's office and to the San Patricio County Sheriff's Department in December 2022. *Id.*[1] Accompanying those receipts was a series of AO Forms 440, *Proof of Service*. *Id.* at 4-9. Those proofs of service were all signed by Plaintiff, and purported to reflect service of process on Sheriff Rivera, Records Clerk Coffin, District Clerk Marks, County Attorney Cochran-May, County Clerk Alaniz-Gonzales, and Attorney Gale. *Id.*

---

[1] The receipt showing delivery to the Sheriff's Department reflects a receipt date of December 8, 2022. (Doc. No. 13, p. 3.) The receipt showing delivery to Attorney Gale's office is not fully legible, but appears to reflect a delivery date of December 13, 2022. *See id.*

On each form purporting to prove service upon the County Defendants, Plaintiff checked the box marked "I left the summons at the individual's residence or usual place of above with San Patricio County Courthouse (Lina Garcia), a person of suitable age and discretion who resides there, on 12/08/2022, and mailed a copy to the individual's last known address." (Doc. No. 13, pp. 4-8.) On each of those forms, Plaintiff stated that his fees were zero dollars for travel and $6.89 for services. *Id.*

On the form purporting to prove service upon Attorney Gale, Plaintiff again checked the box marked "I left the summons at the individual's residence or usual place of above with Chris Gale Law Firm (Sabrina), a person of suitable age and discretion who resides there, on 12/13/2022, and mailed a copy to the individual's last known address." (Doc. No. 13, p. 9.) On this form, Plaintiff stated that his fees were zero dollars for travel and $7.48 for services. *Id.*

On February 16, 2023, Plaintiff filed with the Clerk copies of two certified mail receipts, front and back. (Doc. No. 15, pp. 1-4.) The front sides of these receipts appear to be identical to those submitted by Plaintiff in December 2022. *Compare* Doc. No. 15, pp. 1, 3 *with* Doc. No. 13, p. 3.

Plaintiff's February 16 filing also included new AO Forms 440. In contrast to the prior proofs of service, Plaintiff stated that he "served" each of the defendants solely via certified mail. For example, with regard to County Clerk Alaniz-Gonzales, Plaintiff checked the box and filled in text on the form stating: "I personally served the summons on the individual at 400 West Sinton Street Rm 124 Sinton TX 78387 by certified mail on 12-8-22." (Doc. No. 15, p. 5.) Plaintiff's other proofs of service likewise evidence that his sole method of service was certified mail. *See id.*, pp. 6 (County Attorney Cochran-May), 7 (District Clerk Marks), 8 (Records Clerk

Colton), 9 (Attorney Gale, at his law firm address), 10 (Sheriff Rivera at the Sheriff's
Department address).

### 4. *Plaintiff unsuccessfully seeks default; the defendants seek dismissal.*

Plaintiff moved on February 27, 2023 for the "Clerk to file Entry of Judgment by
Default" against all of the defendants.  (Doc. No. 16.)  Plaintiff reasoned that he was entitled to
entry of default because none of the defendants filed a responsive pleading after he "served"
them by certified mail.  *Id.* at 1.  Plaintiff cited Texas Rule of Civil Procedure 106(a)(2) as
authority for his service of the defendants by certified mail.  *Id.*  He stated that he served
Attorney Gale with both the summons and the complaint, and added: "Defendants did not bother
to respond ever since being served by the summons."  *Id.*  Attached to Plaintiff's motion was an
unsworn, un-notarized, unverified "Affidavit in Support of Clerk's Entry of Default."  (Doc. No.
16-1.)  In that document, Plaintiff stated, among other things, that each of the defendants was
served by certified mail with both the summons and the complaint.  *Id.*

On March 9, 2023, Attorney Gale filed a response to Plaintiff's motion for default.  (Doc.
No. 18.)  He amended and updated that response on March 21, 2023.  (Doc. No. 21.)  Attorney
Gale stated that, contrary to Plaintiff's contention, he was not provided with a copy of the
complaint – that he was only sent the summons by certified mail.  *Id.* at 2.  Attorney Gale
separately filed a motion to dismiss the complaint under Federal Rules of Civil Procedure
12(b)(1) and 12(b)(6), alleging a lack of subject matter jurisdiction and that Plaintiff had failed to
state a cause of action against him.  (Doc. No. 19.)  Plaintiff responded to this dismissal motion.
(Doc. No. 24.)

The County Defendants did not file a standalone response to Plaintiff's motion for
default, but instead moved to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure

12(b)(5) on March 12, 2023.  (Doc. No. 20.)  The County Defendants generally allege that Plaintiff improperly served them, and that Plaintiff sent only the summons (not the complaint) to the County Defendants.  *Id.* at 5-7.[2]  Plaintiff responded to the County Defendants' dismissal motion on March 20, 2023.  (Doc. No. 23.)

In addition to his responses to the motions to dismiss, Plaintiff submitted a letter to the Clerk of Court on March 20, 2023.  (Doc. No. 22-1.)  In that letter, Plaintiff defended his method of service, asked the Court to serve the defendants, requested the Court's permission to serve the defendants by email, and asked what method of service the Court would permit.  *Id.*

The district court denied Plaintiff's motion for default on March 27, 2023.  (Doc. No. 25.)

## C.  *Standard of review and applicable law.*

### 1.  *Rules 12(b)(1) and 12(h)(3).*

"Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' 'obviously frivolous,' 'plainly unsubstantial,' or 'no longer open to discussion [].'"  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citations omitted).  At the same time, courts must avoid conflating the question of subject matter jurisdiction with the question of whether a plaintiff has stated a claim upon which relief may be granted.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 510-11 (2006); *Smith v. Regional Transit Auth.*, 756 F.3d 340, 344 (5th Cir. 2014); *see also* Fed. R. Civ. P. 12(b)(6). This is because "the absence of a valid (as opposed to arguable) cause of action does not implicate subject matter jurisdiction."  *Allen v. LPP*, No. 13-6332, 2014 WL 4104414, at *3

---

[2]  The County Defendants also assert that Plaintiff attempted to engage in deception in his February 16 proof of service, because he allegedly altered the address of service for Sheriff Rivera.  (Doc. No. 20, pp. 2, 5-7.)  Because of the undersigned's recommended resolution of this case, it is unnecessary to examine this assertion.

(E.D. La. Aug. 19, 2014) (quoting *Steel Co. v. Citizens for a Better Envir.*, 523 U.S. 83, 89 (1998)).

Plaintiff bears the burden of plausibly alleging a federal controversy. If he does not, then the Court lacks subject matter jurisdiction to decide his claims. *See Ghedi v. Mayorkas*, 16 F.4th 456, 463 (5th Cir. 2021). Dismissal of a complaint for lack of subject matter jurisdiction is proper when the claim is "'so … completely devoid of merit as not to involve a federal controversy.'" *Id.* (quoting *Brownback v. King*, __ U.S. __ 141 S. Ct. 740, 749 (2021) (internal quotation and citation omitted)). That circumstance occurs when the plaintiff does not "plausibly allege all jurisdictional elements." *See Brownback*, 141 S. Ct. at 749; *Ghedi*, 16 F.4th at 463.

Federal Rule of Civil Procedure 12(b)(1) provides that a party may assert by motion that relief cannot be granted for a plaintiff's claim based on lack of subject matter jurisdiction. Additionally, the Court must dismiss an action, even *sua sponte*, if it determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021).

In evaluating a motion to dismiss under Rule 12(b)(1), the court accepts as true those well-pleaded factual allegations in the complaint and views them in the light most favorable to the plaintiff. *Stratta v. Roe*, 961 F.3d 340, 349 (5th Cir. 2020). The court may consider the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). "When considering a Rule 12(b)(1) motion, a district court may go beyond the pleadings to affidavits and other evidence to determine its jurisdiction." *Adams v. Pearl River Valley Water Supply Dist.*, No 21-60749, 2022

WL 2829756, at *2 (5th Cir. July 20, 2022) (unpublished) (citing *Williamson v. Tucker*, 645 F.2d 404, 413-14 (5th Cir. 1981)).

When subject matter jurisdiction over an action is lacking, a court is to dismiss that action without prejudice.  *See Carver*, 18 F.4th at 488.  When confronted with motions under both Rule 12(b)(1) and Rule 12(b)(6), a reviewing court is to address the jurisdictional question first, before addressing any attack on the merits.  *Ramming*, 281 F.3d at 161 ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional motion before addressing any attack on the merits.").

### 2.  *Rule 12(b)(5).*

In the absence of proper service of process, a court cannot exercise personal jurisdiction over a party named as a defendant.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a civil case based on "insufficient service of process."  Once the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity.  *Brown v. Quian*, Civ. No. 4:20-0862, 2023 WL 1765913, at *2 (S.D. Tex. Feb. 3, 2023) (Hanks, J.) (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1996)).  A plaintiff "cannot receive a free pass on the requirements for service of process simply because he is litigating this case *pro se*."  *Calhoun v. City of Houston Police Dep't*, 855 F. App'x 917, 921 (5th Cir. 2021).

### 3.  *Rule 12(b)(6).*

Federal Rule of Civil Procedure 12(b)(6) provides that a party may assert by motion a defense that a plaintiff's complaint "fail[s] to state a claim upon which relief may be granted." In evaluating a motion for dismissal under this rule, courts assess whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)).  The requirement for facial plausibility is met when the plaintiff "pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The pleading standard does not require

detailed factual allegations, "but does demand more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Hurd v. Barnette*, No. 6:15cv734, 2017 WL 9289643, at

*11 (E.D. Tex. Jan. 24, 2017), *adopted*, 2017 WL 892118 (E.D. Tex. Mar. 6, 2017) (citing *Iqbal*,

556 U.S. at 677-78).

A Rule 12(b)(6) motion "tests the sufficiency of the pleadings, not the merits of the

case." *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) (citing *Sewell v. Monroe City

Sch. Bd.*, 974 F.3d 577, 582 (5th Cir. 2020)).  For this reason, well-pleaded factual allegations of

a complaint must be taken as true and viewed in the light most favorable to the plaintiff.  *Id.*

Courts may, in evaluating motions filed under Rule 12(b)(6), consider evidence that is

attached to the motion itself, referred to in the complaint, and central to the plaintiff's claim, or

that is subject to judicial notice under Federal Rule of Evidence 201.  *George*, 36 F.4th at 619

(citing *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019)).  If the court

considers evidence beyond the pleadings or these additional matters, the court commits error.  *Id.*

(citing *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir.

2014)).  But even though *pro se* pleadings are viewed under a less stringent standard than those

penned by an attorney, a court "need not credit conclusory allegations, legal conclusions couched

as factual allegations, or unwarranted deductions of fact." *Trevino v. City of Pleasanton*, No.

5:18-CV-00688-DAE-RBF, 2019 WL 1793360, at *4 (W.D. Tex. Apr. 23, 2019) (internal

quotation marks omitted) (citing *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016)); *see also Iqbal*, 556 U.S. at 678.

### 4. Section 1983 claims.

Section 1983 of Title 42, United States Code, provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory."  State action is required.  To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that he or she was deprived of a right or interest secured by the Constitution and laws of the United States, and that the deprivation occurred under color of state law.  *Doe v. Rains Cnty. Indep. School Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995).  "'Although a private person may cause a deprivation of such a right, he may be subjected to liability under § 1983 only when he does so under color of law.'"  *Bauer v. Gattuso*, Civ. No. 22-549, 2023 WL 1808365, at *3 (E.D. La. Jan. 9, 2023), *adopted*, 2023 WL 1795959 (E.D. La. Feb. 7, 2023) (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978)).

### D.  Analysis.

### 1.  Plaintiff's § 1983 claim against Attorney Gale should be dismissed without prejudice under Rule 12(b)(1).

Attorney Gale seeks dismissal of Plaintiff's claims against him under both Rule 12(b)(1) and Rule 12(b)(6).  Attorney Gale contends that he is not a state actor, did not act under color of state law, and cannot be held liable to Plaintiff under § 1983.  (Doc. No. 19, p. 2.)  Attorney Gale also argues that Plaintiff fails to cite any constitutional or federal right that was allegedly violated.  *Id.* at 3.  Because the Court is obliged to consider its jurisdiction before reaching the

merits, the undersigned first examines whether Plaintiff has plausibly alleged the jurisdictional elements of a § 1983 claim.

To state a cause of action under § 1983, a plaintiff must allege that the person who deprived him of a federal right was acting under color of law. *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004). Private citizens can be held liable under § 1983, but only if they are willful participants in joint activity with the State or its agents. *Id.* (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)). Consequently, private attorneys are not state actors and generally cannot be sued under § 1983, *see Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996), but they can be held liable if they have conspired with state officials. *Bauer*, 2023 WL 1808365, at *3. To successfully allege such a conspiracy, a plaintiff "must allege facts that suggest: (1) an agreement between the private and public defendants to commit an illegal act and (2) an actual deprivation of constitutional rights." *Smith v. Grodner*, Civ. No. 19-441-JWD-SDJ, 2020 WL 3067270, at *2 (M.D. La. May 19, 2020) (citing *Cinel*, 15 F.3d at 1343). More than mere conclusory statements are required: allegations of conspiracy that lack reference to specific facts will not suffice. *See Priester*, 354 F.3d at 420 (citing *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986)).

Plaintiff acknowledges that Attorney Gale is a "private attorney." *E.g.*, Doc. No. 1, p. 3; Doc. No. 1-1, pp. 3-4. There is no evidence or plausible allegation that Attorney Gale is an employee of San Patricio County. Thus, Attorney Gale can be found liable under § 1983 only if Plaintiff can prove (1) that Attorney Gale conspired with state officials to deprive Plaintiff of a constitutional or federal right and (2) that such a deprivation actually occurred. Plaintiff fails to plausibly allege either of these things, so his claim should be dismissed.

First, Plaintiff makes a passing mention of "conspiracy," but offers no facts to support it. He states that the County Defendants and Attorney Gale "acted in concert and conspiracy and were jointly and severally liable for the constitutional harms caused to Plaintiff" (Doc. No. 1-1, p. 4), but alleges no facts indicating any agreement between Attorney Gale and the County Defendants to do anything, let alone to commit any illegal act. He also does not allege any facts indicating that Attorney Gale and the County Defendants took any action in concert with one another or pursuant to any agreement. Because Plaintiff does not allege any facts supporting his assertion of conspiracy, he fails to plausibly allege subject matter jurisdiction over Attorney Gale.[3]

Additionally, Plaintiff fails to plausibly allege that he was deprived of any constitutional or federal right. As Attorney Gale notes, *see* Doc. No. 19, p. 3, Plaintiff fails to cite any constitutional or federal right of which he was allegedly deprived. Plaintiff's complaint centers around the alleged violation of an expunction order, which he claims violates article 55.04 of the Texas Code of Criminal Procedure. *See* Doc. No. 1, p. 4.[4] But article 55.04 is a state law, not a federal law, and it does not secure any right or privilege under the Constitution or federal law. Indeed, there is no constitutional or federal right to expunction. *See Sealed Appellant v. Sealed*

---

[3] Plaintiff also alleges the existence of a conspiracy in his response to Attorney Gale's dismissal motion. He alleges that Attorney Gale and the County Defendants "discussed this matter" in December 2022 "in retaliation against" Plaintiff. (Doc. No. 24, p. 5.) Those communications, even if they occurred, took place after Plaintiff had already filed suit in this case, and cannot support Plaintiff's claim for § 1983 relief against Attorney Gale in this case. Additionally, plaintiffs may not level new allegations or facts in responses to dismissal motions. *See SCGST, Inc. v. Arthur J. Gallagher & Co.*, No. 4:21-CV-02935, 2022 WL 4022054, at *9 (S.D. Tex. Aug. 23, 2022) (Ho, M.J.), *adopted sub nom. SCGST, Inc. v. Certain Underwriters at Lloyd's London*, 2022 WL 4588589 (S.D. Tex. Sept, 28, 2022) (citing *McDavid v. Houston Indep. Sch. Dist.*, No. H-21-993, 2021 WL 4555241, at *4 (S.D. Tex. Oct. 5, 2021) (Rosenthal, C.J.) (rejecting attempt to "use a response to a motion to dismiss as a backdoor to add allegations that she did not plead in her … complaint").

[4] Plaintiff alleges that Attorney Gale represented Plaintiff in the process of seeking and obtaining that expunction order. (Doc. No. 1-1, p. 6.)

*Appellee*, 130 F.3d 695, 697 (5th Cir. 1997) ("There is no constitutional basis for a 'right to expungement.'"); *see also Duke v. White*, 616 F.2d 955, 956 (6th Cir. 1980) ("The right to expungement of state records is not a federal constitutional right.").[5]  Thus, a failure to expunge Plaintiff's state arrest record, if that failure occurred, is not a deprivation of any constitutional or federal right that qualifies for relief under § 1983.  Nor is a disclosure of an expunction order in violation of state law.  And even if article 55.04 did operate to secure a right or privilege under the Constitution or federal law, that statute only applies to people who learn of an arrest while they are state or local government employees.  *See* Tex. Code Crim. Proc. art. 55.04, § 1. Plaintiff does not allege that Attorney Gale has ever been a state or local government employee, much less that he learned of Plaintiff's arrest while a state or local government employee.[6]

Because Plaintiff fails to plausibly allege the existence of any conspiracy or the deprivation of any federal or constitutional right, he fails to sufficiently allege jurisdictional elements that would allow the Court to consider his claim against Attorney Gale, a private citizen.  Accordingly, Plaintiff's claim against Attorney Gale should be dismissed without prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction.  *See Brownback*, 141 S. Ct. at 749; *Ghedi*, 16 F.4th at 463.

---

[5]  Expunction is available in federal court, on a discretionary basis, as an extraordinary remedy for other constitutional or statutorily created rights that have been violated by a state or other governmental entity.  *See Sealed Appellant,* 130 F.3d at 697.  But there is no federal or constitutional right to expunction itself.

[6]  Plaintiff raises other allegations in his response to Attorney Gale's motion to dismiss.  Liberally construed, these include claims of legal malpractice, breach of contract, and negligence.  *See* Doc. No. 24, pp. 3, 5.  As discussed previously, those claims cannot be raised for the first time in a response to a dismissal motion.  *See SCGST*, 2022 WL 4022054, at *9.  But even if those claims could be so raised, they too do not implicate any constitutional or federal right of Plaintiff's, and likewise could not support liability against Attorney Gale under § 1983.  *See Hernandez-Cuellar v. Robinson*, No. 4:20-CV-00741-SDJ-CAN, 2021 WL 2899866, at *3 & n.4 (E.D. Tex. June 10, 2021) ("§ 1983 does not operate as a vehicle for prosecution of legal malpractice claims against private attorneys"); *Guthrie v. Niak*, No. H-12-1761, 2017 WL 770988, at *15 (S.D. Tex. Feb. 28, 2017) (Harmon, J.) (breach of contract claim not cognizable under § 1983); *Irby v. Hinkle*, No. 21-40621, 2023 WL 2524447, at *2 (5th Cir. Mar. 15, 2023) (unpublished) ("claims of negligence or malpractice … are not cognizable § 1983 claims").

Alternatively, if the district court finds that subject matter jurisdiction exists, the undersigned recommends that Plaintiff's claim against Attorney Gale be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). As stated above, Plaintiff fails plausibly to allege that Attorney Gale took any action with respect to Plaintiff's expunction order that affected Plaintiff's constitutional or federal rights, because Plaintiff fails to establish that he had a constitutional or federal right to expunction of his arrest record. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted.

### 2. *Plaintiff's claims against the County Defendants should be dismissed under Rule 12(h)(3), or alternatively under Rule 12(b)(6), or alternatively under Rule 12(b)(5).*

#### a. *Dismissal under Rule 12(h)(3).*

Plaintiff's § 1983 claim against the County Defendants should be dismissed under Rule 12(h)(3). The claim here is that the County Defendants violated Texas state law by either failing to enter the alleged expunction order correctly or by transmitting information to Plaintiff's alleged prospective employer in violation of that expunction order. As discussed above, any violation of an expunction order, or any failure to properly enter that order, does not implicate any constitutional or federal right of Plaintiff's. *See Sealed Appellant*, 130 F.3d at 697; *Duke*, 616 F.2d at 956. Because § 1983 applies only to deprivations of constitutional or federal rights, and because Plaintiff fails to specify any such right of which he was deprived, Plaintiff fails to allege the jurisdictional elements of § 1983. Dismissal without prejudice under Rule 12(h)(3) is therefore appropriate.

The undersigned recognizes that the County Defendants have not moved for dismissal on this ground. The Court possesses the inherent authority to dismiss a party, or claims, *sua sponte*. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*,

370 U.S. 626, 630-31 (1962)).  If a court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action.  Fed. R. Civ. P. 12(h)(3).  Additionally, a district court "may dismiss a claim on its own motion as long as the procedure employed is fair." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citing *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014)).  Fairness in this context requires both notice of the court's intention and an opportunity to respond before a *sua sponte* dismissal with prejudice. *Id.*  Because the undersigned is raising this issue in this memorandum and recommendation, Plaintiff will have an opportunity to respond during the 14-day objection period prior to a final ruling by the district court.  This procedure is fair and will avoid any due process concerns.  *See Galbraith-Robair v. United States Equal Opportunity Employment Comm'n*, No. 4:19-CV-4797, 2021 WL 415194, at *1 (S.D. Tex. Jan. 18, 2021) (Bryan, M.J.), *adopted*, 2021 WL 413525 (S.D. Tex. Feb. 5, 2021).

### b. Dismissal under Rule 12(b)(6).

Alternatively, if the district court finds that subject matter jurisdiction exists, the undersigned recommends that Plaintiff's § 1983 claim against the County Defendants be dismissed under Rule 12(b)(6).  Plaintiff fails to state a claim upon which relief may be granted, because he fails to allege that he had a constitutional or federal right to expunction of his arrest record.  *See Sealed Appellant*, 130 F.3d at 697; *Duke*, 616 F.2d at 956.

Plaintiff's claim should also be dismissed under Rule 12(b)(6) for failure to state a claim because he bases his allegations on the violation of a Texas criminal statute.  Article 55.04 makes it a misdemeanor offense to knowingly release, disseminate, or otherwise use expunged records. Tex. Code Crim. Proc. art. 55.04, sec. 1.  That statute, however, does not create a private right of action.  "Under Texas law, the fact that a criminal statute is enacted does not necessarily mean that courts may recognize a civil cause of action predicated upon that statute." *Reliable*

16/28

*Ambulance Serv., Inc. v. Mercy Hosp. of Laredo*, No. 04-02-00188-CV, 2003 WL 21972724, at

*3 (Tex. App. – San Antonio 2003, pet. denied) (cleaned up).  A state criminal statute does not,

without clear indication of such intent, give rise to a private cause of action.  *See Tummel v.*

*Milane*, No. 7:18-CV-339, 2019 WL 366708, at *7 (S.D. Tex. Jan. 30, 2019) (Alvarez, J.).  Here,

there is no indication of any sort that a violation of article 55.04 is intended to create a private

cause of action.  Plaintiff does not reference or identify any other state or federal law as a basis

for his claim.  Because his claim is penal-based and non-cognizable under federal law, it should

be dismissed with prejudice.  *Cf. Melton v. Waxahachie Police Dep't*, No. 3:21-CV-2854-K-BH,

2022 WL 3636616, at *13 (N.D. Tex. Aug. 8, 2022), *adopted*, 2022 WL 3639506 (N.D. Tex.

Aug. 23, 2022) (in case where federal court possessed subject matter jurisdiction, dismissing

claims based on alleged violations of the Texas Penal Code pursuant to Rule 12(b)(6), as non-

cognizable).[7]

Additionally, if the district court finds that subject matter jurisdiction exists, Plaintiff's

claim against the Sheriff's Department should be dismissed under Rule 12(b)(6), with prejudice.

The San Patricio County Sheriff's Department is a nonjural entity.  It does not have a separate

legal existence, and it is not capable of suing or being sued.  *See Marshall v. Abbott*, No. 4:21-

CV-384-SDJ-CAN, 2022 WL 671009, at *3 (E.D. Tex. Feb. 4, 2022), *adopted*, 2022 WL

659159 (Mar. 4, 2022); *Cortes v. Havens*, No. 3:14-CV-1044-B, 2014 WL 6861245, at *6 (N.D.

---

[7]  The County Defendants have not moved for dismissal under Rule 12(b)(6).  But as discussed above, the Court possesses the inherent authority to dismiss a party, or claims, *sua sponte*.  *See McCullough*, 835 F.2d at 1127.  Plaintiff will have an opportunity to respond to this recommendation during the 14-day objection period prior to a final ruling by the district court.  This procedure is fair and will avoid any due process concerns.  *See Galbraith-Robair*, 2021 WL 415194, at *1.

Tex. Dec. 5, 2014).  Accordingly, Plaintiff's claim against the Sheriff's Department should be dismissed under Rule 12(b)(6).[8]

### c. *Dismissal under Rule 12(b)(5).*

Alternatively, if the district court determines that it possesses subject matter jurisdiction and that Plaintiff has stated a claim upon which relief may be granted, the undersigned recommends dismissal of Plaintiff's claims without prejudice under Federal Rule of Civil Procedure 12(b)(5).  The County Defendants have moved for dismissal under that rule, alleging that they were not properly served.  (Doc. No. 20, p. 3.)  They argue that Plaintiff, as a party in this case, was not permitted to serve the County Defendants by certified mail.  *Id.*  The County Defendants are correct, and Plaintiff fails to carry his burden of demonstrating that he properly served them.  *See Carimi*, 959 F.2d at 1346.

Among the County Defendants, Plaintiff sues Sheriff Rivera, County Attorney Cochran-May, and County Clerk Alaniz-Gonzales in both their individual and official capacities.  *See* Doc. No. 1-1, pp. 2-3.  He sues District Clerk Marks and Records Clerk Coffin only in their individual capacities.  *Id.* at 3.

### i. *Suit against County Defendants in their individual capacities.*

With respect to individual defendants, Federal Rule of Civil Procedure 12(b)(5) relief refers to service of process under Federal Rule of Civil Procedure 4(e).  That rule provides that, unless federal law provides otherwise, an individual defendant may be served in a federal case by:

---

[8]  Rule 12(b)(6) is the appropriate mechanism for dismissal of an action against a nonjural entity.  *See Kibbey v. Collin Cnty. Detention Facility*, No. 4:21-CV-799-SDJ-CAN, 2023 WL 2305970, at *1 n.1 (E.D. Tex. Feb. 6, 2023), *adopted*, 2023 WL 2288955 (E.D. Tex. Feb. 28, 2023) (collecting cases).

(1) following state law for serving a summons in an action brough in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  There is no indication that Plaintiff attempted to deliver a copy of the summons and complaint personally to any of the County Defendants, or that he left a copy of those documents at any of the County Defendants' dwelling or usual place of abode, or that he delivered a copy of those documents to any agent authorized to receive service of process on those individuals' behalf.  *See* Fed. R. Civ. P. 4(e)(2).  Plaintiff's assertion is that he served the County Defendants by certified mail, and that he was permitted to do so by Texas state law.  *See* Doc. Nos. 22, 22-1; Fed. R. Civ. P. 4(e)(1).

Plaintiff is incorrect: Texas state law did not permit him to serve any of the defendants by certified mail.  Texas Rule of Civil Procedure 106 does allow for service by certified mail.  Tex. R. Civ. P. 106(a).  But Plaintiff overlooks the restriction on *who* may make service by certified mail under that rule.  Texas Rule of Civil Procedure 103 provides that "no person who is a party to or interested in the outcome of a suit may serve any process in that suit . . . ."  Additionally, Federal Rule of Civil Procedure 4(c)(2) also prohibits parties to an action from serving a summons and complaint.  Plaintiff, therefore, could not serve the County Defendants (or Attorney Gale) by certified mail, and his service of those individual defendants was ineffective.

19/28

*See Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 672 (5th Cir. 2015) (citing Fed. R. Civ. P. 4(c)(2) and Tex. R. Civ. P. 103 and stating: "under both the Federal Rules of Civil Procedure and the Texas Rules of Civil Procedure, a party is not permitted to serve process, even by mail").  The County Defendants' motion for dismissal of Plaintiff's claims against them in their individual capacities under Rule 12(b)(5) should therefore be granted.[9]

### ii.  Suit against County Defendants in their official capacities.

Plaintiff is suing several (but not all) of the County Defendants in their official capacities: Sheriff Rivera, County Attorney Cochran-May, and County Clerk Alaniz-Gonzales.  A suit against defendants in their official capacities is effectively a suit against the defendants' official employer.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  In this case, San Patricio County (a jural entity) is the employer of Sheriff Rivera, County Attorney Cochran-May, and County Clerk Alaniz-Gonzales.  To the extent that Rule 4(e) might not apply to suits against these defendants in their official capacities, the undersigned considers whether Federal Rule of Civil Procedure 4(j)(2) would apply to Plaintiff's service of process with regard to those County Defendants.  As discussed next, Plaintiff's service was ineffective under Rule 4(j)(2) as well.

Rule 4(j)(2) address service of process on state or local governments, and provides:

(2) A state, municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

(A) delivering a copy of the summons and of the complaint to its chief executive officer; or

---

[9]  Attorney Gale has not moved for dismissal on this ground, but the analysis in the main text applies equally to him, and the undersigned recommends dismissal on this basis as well.  As discussed above, the Court possesses the inherent authority to dismiss a party, or claims, *sua sponte*.  *See McCullough*, 835 F.2d at 1127.  Plaintiff will have an opportunity to respond to this recommendation during the 14-day objection period prior to a final ruling by the district court.  This procedure is fair and will avoid any due process concerns.  *See Galbraith-Robair*, 2021 WL 415194, at *1.

>    (B) serving a copy of each in the manner prescribed by that state's law for
>    serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2).

Plaintiff's service was deficient. First, he was not permitted to serve the defendants himself. *See* Fed. R. Civ. P. 4(c)(2). His attempt at service by certified mail should be deemed ineffective for that reason alone.

Second, Plaintiff did not serve the "chief executive officer" of "a governmental organization that is subject to suit," nor did he comply with Texas law for service of process. To serve process on San Patricio County, a copy of the summons and complaint would have to be served on the County's chief executive officer. *See* Fed. R. Civ. P. 4(j)(2)(A). Alternatively, Plaintiff could have effected service of those documents in compliance with Texas law. *See* Fed. R. Civ. P. 4(j)(2)(B). The county judge is the chief executive officer in Texas counties, and service of process must be made on the county judge. *See* Tex. Civ. Prac. & Rem. Code § 17.024(a) ("In a suit against a county, citation must be served on the county judge."); *Samuel of Family Jeter v. Child Support Div.*, No. 3:18-CV-273-L-BH, 2018 WL 6185546, at *6 (N.D. Tex. Nov. 5, 2018), *adopted*, 2018 WL 6181283 (N.D. Tex. Nov. 27, 2018). Here, Plaintiff did not serve the San Patricio County Judge. Accordingly, his service was not proper under Rules 4(j)(2)(A) or 4(j)(2)(B). *Cf. Starr v. El Paso, Tex.*, No. EP-09-CV-353-KC, 2010 WL 457311, at *2 (W.D. Tex. Feb. 4, 2010) (denying default judgment against county because county judge was not served with process).

### 3. Dismissal under Rule 4(m).

Plaintiff was cautioned that he was required to serve the defendants within 90 days after the filing of the complaint, and that the complaint was filed on October 7, 2022. (Doc. No. 11, p.

21/28

2; *see also* Doc. No. 1.)  As discussed above, Plaintiff has failed to serve any of the defendants properly.  More than 90 days have elapsed since the filing of Plaintiff's complaint: the deadline for service of process was January 5, 2023.  *See* Fed. R. Civ. P. 6(a)(1).

Federal Rule of Civil Procedure 4(m), *Time Limit for Service*, provides that if a defendant is not served within 90 days after the complaint is filed, the court – either on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  If the plaintiff shows "good cause" for the failure, the court must extend the time for service for an appropriate period.  Fed. R. Civ. P. 4(m).

Here, the County Defendants have moved for dismissal under Rule 4(m).  (Doc. No. 20, pp. 3, 7.)  Because more than 90 days have passed since the filing of the complaint, Rule 4(m) requires the Court to dismiss Plaintiff's action against the County Defendants without prejudice.

### 4. Leave to amend: futile?

The undersigned has recommended dismissal without prejudice under Rule 12(h)(3) (because Plaintiff fails to allege jurisdictional elements supporting his claim), Rule 12(b)(5) (because Plaintiff failed to serve the defendants properly), and Rule 4(m) (because Plaintiff failed to serve the Defendants within 90 days after filing the complaint).  But as discussed above, Plaintiff's claims are also subject to dismissal under Rule 12(b)(6) because he has not stated any viable § 1983 claims against any of the defendants and because he has attempted to sue a nonjural entity.  A Rule 12(b)(6) dismissal would be with prejudice.  *Cf. Goins v. City of Houston*, No. 4:20-CV-1553, 2021 WL 2785344 at **3, 9 (S.D. Tex. June 8, 2021) (Stacy, M.J.), *adopted*, 2021 WL 2779312 (S.D. Tex. July 2, 2021).

Plaintiff is proceeding *pro se*, and ordinarily "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed." *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2016); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). But leave to amend is not required where amendment would be futile – that is, where an amended complaint would still fail to survive a Rule 12(b)(6) motion. *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016).

Here, any attempt to amend the complaint would be futile. Plaintiff alleges that the defendants violated the expunction order, contrary to Texas state law. It is the violation of that expunction order that Plaintiff contends amounted to a violation of his rights and resulted in his claimed damages. But an expunction order is a creature of Texas state law, not federal law, and its violation (if that occurred) does not amount to a deprivation of Plaintiff's constitutional or federal rights as is required by § 1983. No amendment to add more facts or details could rescue this claim – any amendment would itself fall victim to dismissal under Rule 12(b)(6), if it survived jurisdictional scrutiny, because Plaintiff's claim simply is not cognizable under § 1983.

All that said, however, this memorandum and recommendation allows Plaintiff 14 days in which to "explain how he would cure the deficiencies" identified above and thus demonstrate to the Court why his case should not be dismissed with prejudice and that the Court should instead grant Plaintiff leave to amend his claims. *Cf. Parham v. Wayne McCollum Detention Ctr.*, No. 3:22-cv-2790-G-BN, 2023 WL 2504910, at *6 (N.D. Tex. Jan. 10, 2023), *adopted*, 2023 WL 2518853 (N.D. Tex. Mar. 14, 2023) (citing *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires … but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects.")).

23/28

### 5. The Court cannot (or alternatively should not) exercise supplemental jurisdiction.

Plaintiff asks the Court to invoke supplemental jurisdiction over his claim that the defendants violated Texas state law by allegedly breaching the expunction order. *See* Doc. No. 1-1, p. 5 (citing 28 U.S.C. § 1367(a)). The undersigned has recommended dismissal of Plaintiff's claims against the County Defendants and Attorney Gale under Rule 12(h)(3). Supplemental jurisdiction can exist only when there is a federal claim over which the district court possesses jurisdiction. *See* 28 U.S.C. § 1367(a) (supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"). Here, if Plaintiff's underlying § 1983 action is dismissed for lack of subject matter jurisdiction, then the Court would lack authority to exercise supplemental jurisdiction over Plaintiff's state law claim. *Cf. Friends of Lydia Ann Channel v. Lydia Ann Channel Moorings, LLC*, No. 2:19-CV-00148, 2020 WL 1434706, at *8 (S.D. Tex. Mar. 24, 2020) (Jack, J.) (citing *Arbaugh*, 546 U.S. at 514).

Should the district court find that subject matter jurisdiction exists and then dispose of Plaintiff's claims under Rule 12(b)(6), the Court would have discretion whether to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c)(3). The general rule in this circuit is that state law claims should be dismissed when the federal claims to which they are pendent are dismissed. *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992); *see also Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) (citing *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999)

("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all the federal-law claims are eliminated before trial …."").

There is no federal interest in adjudicating Plaintiff's state law claim, especially where Plaintiff has failed to properly serve the defendants in any event.  No significant amount of federal resources have been devoted to this Court's consideration of Plaintiff's state law claim, and the Court .  *Cf. Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011) (citing common law factors of judicial economy, convenience, fairness, and comity in deciding whether to retain supplemental jurisdiction over state claim).  There is no reason to retain this case in federal court.

The undersigned recommends that the district court dismiss Plaintiff's state law claim alleging a violation of Texas Code of Criminal Procedure article 55.04, without prejudice to his raising that claim in a state court.  *Cf. Lucky Tunes #3, L.L.C. v. Smith*, 812 F. App'x 176, 184-85 (5th Cir. 2020) (dismissal of claim without prejudice, when based on decision not to exercise supplemental jurisdiction).

### 6.  *The Declaratory Judgment Act does not provide a vehicle for Plaintiff to obtain relief in this case.*

In addition to attempting to assert federal question jurisdiction under § 1983, Plaintiff also seeks to invoke the Court's jurisdiction under the Declaratory Judgment Act.  *See* Doc. No. 1-1, p. 5.  The Declaratory Judgment Act cannot serve as a vehicle for obtaining relief in this case.

Under the Declaratory Judgment Act, a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The Act does not create a standalone cause of action,

however.  *See Lowe v. Ingalls Shipbuilding, A Div. of Litton Systems, Inc.*, 723 F.2d 1173, 1179 (5th Cir. 1984); *Edwards v. U.S. Bank Nat'l Ass'n*, No. 6:15-cv-02535, 2016 WL 4574585, at *5 (W.D. La. June 28, 2016), *adopted*, 2016 WL 4626252 (W.D. La. Sept. 1, 2016).  Nor does the Act provide "an independent ground for jurisdiction; it permits the award of declaratory relief only when other bases for jurisdiction are present."  *Johnson v. United States*, 502 F. App'x 412, 419 (5th Cir. 2012) (citing *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980)).  The Act "is merely a vehicle that allows a party to obtain an 'early adjudication of an actual controversy' arising under other substantive law."  *Capital One v. Swisher-35 Ltd.*, No. 3:08-CV-1040, 2008 WL 4274499, at *2 (N.D. Tex. Sept. 17, 2008).  An actual controversy capable of being adjudicated in the federal courts is required, for a declaratory judgment action relates to the underlying federal cause of action.  *See Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171 (5th Cir. 1990).

Plaintiff's action here does not qualify for consideration under the Declaratory Judgment Act, because he fails to bring a justiciable federal controversy.  *Cf. Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 294 (5th Cir. 2019) (declaratory judgment action requires actual controversy between the parties).  As discussed above, his § 1983 claim alleging violation of the expunction order must be dismissed because subject matter jurisdiction is lacking, or because it fails to state a cause of action, or both.  And even construing his allegations liberally, Plaintiff articulates no other claim over which a federal court would have jurisdiction.  Because the Declaratory Judgment Act is merely a vehicle for adjudication of justiciable controversies, the absence of any such controversy in this case renders the Act inapplicable.  *Cf. Edwards v. Burwell*, 657 F. App'x 242, 246 (5th Cir. 2016) (unpublished) (affirming dismissal of action for declaratory judgment where district court had properly dismissed the underlying claims).

26/28

### E. Conclusion and recommendation.

The undersigned recommends that the district court take the following actions:

1.  Should the district court conclude that it lacks subject matter jurisdiction because Plaintiff has failed to plausibly allege jurisdictional elements for his § 1983 claim, the district court should:

- DISMISS Plaintiff's claims against Attorney Gale and the County Defendants under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3), without prejudice, because the Court lacks subject matter jurisdiction;

- GRANT Attorney Gale's motion to dismiss under Rule 12(b)(1) and DENY his motion to dismiss under Rule 12(b)(6) (Doc. No. 19); and

- DENY as moot the County Defendants' motion to dismiss under Rule 12(b)(5) (Doc. No. 20).

2.  Should the district court determine that it possesses subject matter jurisdiction but that Plaintiff fails to state a claim upon which relief may be granted, the district court should:

- DISMISS Plaintiff's action with prejudice as to all of the defendants for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6);

- DISMISS Plaintiff's claim against the Sheriff's Department under Rule 12(b)(6), with prejudice, because the Sheriff's Department is a nonjural entity;

- GRANT Attorney Gale's motion to dismiss under Rule 12(b)(6) and DENY his motion to dismiss under Rule 12(b)(1) (Doc. No. 19); and

- DENY as moot the County Defendants' motion to dismiss under Rule 12(b)(5) (Doc. No. 20).

3.  Should the district court determine that it possesses subject matter jurisdiction and that Plaintiff has stated a claim upon which relief may be granted, the district court should:

- DISMISS Plaintiff's action without prejudice as to all of the defendants under Federal Rules of Civil Procedure 12(b)(5) and 4(m) for failure to serve process;

- GRANT the County Defendants' motion to dismiss under Rule 12(b)(5) (Doc. No. 20); and

- DENY Attorney Gale's motion to dismiss (Doc. No. 19).

### F.  Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on April 6, 2023.

MITCHEL NEUROCK
United States Magistrate Judge

28/28