United States District Court
Southern District of Texas
**ENTERED**
May 18, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THEODORE KHNANISHO, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:22-CV-00233 |
| SHERIFF OSCAR RIVERA, GRACIE ALANIZ-GONZALES, TAMARA COCHRAN-MAY, HEATHER B. MARKS, HEATHER COFFIN, CHRIS GALE, and SAN PATRICIO COUNTY SHERIFF DEPARTMENT, | § § § § § § § § § | |
| Defendants. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the April 6, 2023, Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Mitchel Neurock. (Dkt. No. 27). Magistrate Judge Neurock reviewed Defendant Christopher J. Gale's 12(b)(1) and 12(b)(6) Motion to Dismiss, (Dkt. No. 19), and Defendants' Oscar Rivera, Gracie Alaniz-Gonzales, Tamara Cochran-May, Heather B. Marks, and Heather Coffin, Motion to Dismiss Plaintiff's Original Claim, (Dkt. No. 20). (*See* Dkt. No. 27).

Magistrate Judge Neurock made findings and conclusions and presents three alternative grounds for his recommendation. First, Magistrate Judge Neurock recommends dismissing Plaintiff Theodore Khnanisho's claim without prejudice for lack of subject matter jurisdiction. (*Id.* at 11–16). Second, Magistrate Judge Neurock recommends dismissing Khnanisho's claim with prejudice for failing to state a claim

upon which relief can be granted, and because one of the Defendants, the Sheriff's Department, is a nonjural entity. (*Id.* at 15–18). And third, Magistrate Judge Neurock recommends dismissing Khnanisho's claim without prejudice for failing to properly serve the County Defendants. (*Id.* at 18–22).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On April 24, 2023, Plaintiff Khnanisho filed four objections. (Dkt. No. 28). First, Khnanisho argues that the M&R incorrectly states that he personally served the Defendants. (*Id.* at 9–13). Second, he claims that Magistrate Judge Neurock incorrectly denied his request for default judgment. (*Id.* at 13–15). Third, Khnanisho argues that Gale is liable under Section 1983 because Gale engaged in legal malpractice, acted negligently, committed a breach of contract, and violated his ethical duties. (*Id.* at 17–19). And fourth, Khnanisho states that his rights were violated by all Defendants, particularly under the Fourteenth Amendment, because the Defendants acted under the color of law with negligence and violated his rights under Article 55.04 of the Texas Code of Criminal Procedure. (*Id.* at 21–22).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. The Court holds that it has subject-matter jurisdiction over Khnanisho's claim against all Defendants.[1] The Court adopts the portions of the M&R that (1) recommend dismissing Khnanisho's claim with prejudice for failing to state a claim upon which relief can be granted and because one of the Defendants, the Sheriff's Department, is a nonjural entity, (Dkt. No. 27 at 15–18), and (2) recommend dismissing Khnanisho's claim without prejudice for failing to properly serve the County Defendants.

It is therefore ordered that:

(1) Magistrate Judge Neurock's M&R, (Dkt. No. 27), is **ADOPTED IN PART** as the holding of the Court;

(2) Defendant Christopher J. Gale's 12(b)(1) and 12(b)(6) Motion to Dismiss, (Dkt. No. 19), is **GRANTED IN PART** and **DENIED IN PART**;

(3) Defendants', Oscar Rivera, Gracie Alaniz-Gonzales, Tamara Cochran-May, Heather B. Marks, and Heather Coffin, Motion to Dismiss Plaintiff's Original Claim, (Dkt. No. 20), is **GRANTED**; and

(4) Plaintiff Khnanisho's Complaint against all Defendants, (Dkt. No. 1), is **DISMISSED WITH PREJUDICE**.

It is SO ORDERED.

---

[1] "If the challenge to jurisdiction 'is also a challenge to the existence of a federal cause of action,' a district court should assume jurisdiction exists and 'deal with the objection as a direct attack on the merits of the plaintiff's case.'" *Stem v. Gomez*, 813 F.3d 205, 210 (5th Cir. 2016) (quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)). "So long as a complaint is drafted to seek recovery directly under the Constitution or laws of the United States, a failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *Id.* (internal quotation marks and citation omitted). Here, the challenge to jurisdiction is also a challenge to the existence of Khnanisho's § 1983 claim, therefore, the Court will assume jurisdiction exists and deal with the merits of this case.

Signed on May 18, 2023.

                                               _____
                                                            **DREW B. TIPTON**
                                        **UNITED STATES DISTRICT JUDGE**

4