Case 2:22-cv-00233 Document 44 Filed on 08/07/23 in TXSD Page 1 of 16

United States District Court
Southern District of Texas
**ENTERED**
August 07, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THEODORE KHNANISHO, | § § | |
| Plaintiff, | § § | |
| v. | § | Case No. 2:22-CV-00233 |
| | § | |
| SHERIFF OSCAR RIVERA, *et al.* | § § | |
| Defendants. | § § § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

For the reasons discussed below, the undersigned recommends that Plaintiff's application to proceed *in forma pauperis* on appeal (Doc. Nos. 36, 38, 39) be DENIED. The district court should determine that Plaintiff is not indigent, that his appeal is not taken in good faith, or both. *See* Fed. R. App. P. 24(a)(4)(B).

### A. *Proceedings.*

A fuller discussion of the proceedings in this case is contained in the undersigned's memorandum and recommendation issued on April 6, 2023. (Doc. No. 27.) Summarized, Plaintiff Theodore Khnanisho brought this suit against several employees of San Patricio County, Texas, along with the San Patricio County Sheriff's Department and a private attorney. The lawsuit stems from an alleged failure by the defendants to properly enter and honor a Texas state court order that purportedly expunged an arrest of Plaintiff. This failure, Plaintiff claimed, caused him not to be hired by at least one police department to which he subsequently applied for employment. *See generally* Doc. No. 1, pp. 5-6. Plaintiff claimed that his lawsuit was brought pursuant to 42 U.S.C. § 1983, and also under article 55.04 of the Texas Code of

Criminal Procedure, asserting that the Court had supplemental jurisdiction under 28 U.S.C. § 1367(a) to hear the merits of his Texas state law claim for violation of the alleged expunction order. (Doc. No. 1-1, p. 5.)

At the time he filed his lawsuit, Plaintiff requested leave to proceed *in forma pauperis*. *See Khaninisho v. Rivera*, No. 2:22-mc-00096, Doc. No. 1 (S.D. Tex. Aug. 4, 2022) (the "IFP MC case"). Plaintiff's *in forma pauperis* application lacked sufficient information, so the undersigned ordered him to submit a fully completed application with additional information. IFP MC Case, Doc. No. 2. Plaintiff submitted this information. IFP MC Case, Doc. No. 3. Upon reviewing the information, the Court scheduled a hearing with Plaintiff to discuss Plaintiff's finances. IFP MC Case, Doc. No. 4. After conducting that hearing, the undersigned was unpersuaded by Plaintiff's assertion of indigency and ordered Plaintiff to either pay the filing fee or show cause why he could not do so, by September 30, 2022. IFP MC Case, Doc. No. 5. When no response was received by the deadline, the undersigned issued a memorandum, recommending that Plaintiff's action be dismissed. IFP MC Case, Doc. No. 6. Before the district court could rule on the undersigned's recommendation, however, Plaintiff paid the filing fee and his lawsuit was docketed as the instant civil case. IFP MC Case, Doc. No. 7.

Once this civil action was docketed, Plaintiff again sought to proceed without payment of costs, this time requesting that the Court order the United States Marshal to serve the defendants in this case. (Doc. Nos. 9, 10, 11.) The undersigned denied Plaintiff's request. (Doc. No. 11, p. 2.)

Plaintiff thereafter purported to serve the defendants himself, by certified mail. *See* Doc. Nos. 13, 15. When the defendants failed to file any responsive pleading, Plaintiff moved for default. (Doc. No. 16.) One defendant, Attorney Christopher Gale, filed a response to Plaintiff's

2 / 16

motion for default. (Doc. Nos. 18, 21.) Attorney Gale separately filed a motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), alleging a lack of subject matter jurisdiction and that Plaintiff had failed to state a cause of action against him. (Doc. No. 19.) Plaintiff responded to this motion. (Doc. No. 24.) The other defendants (referred to as the "County Defendants")[1] did not file a standalone response to Plaintiff's motion for default, but instead moved to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(5). (Doc. No. 20.) Plaintiff responded to the dismissal motion. (Doc. No. 23.) The district court denied Plaintiff's motion for default. (Doc. No. 25.)

The undersigned issued a memorandum recommending dismissal of Plaintiff's lawsuit in its entirety. (Doc. No. 27.) The undersigned recommended that the district court find a lack of subject matter jurisdiction over Plaintiff's claims against Attorney Gale, *id.* at 11-14, as well as a lack of subject matter jurisdiction over Plaintiff's claims against the County Defendants. *Id.* at 15-16. The undersigned alternatively recommended dismissal of Plaintiff's claims against the County Defendants for failure to state a claim upon which relief may be granted. *Id.* at 16-17. As a further alternative, the undersigned recommended dismissal of Plaintiff's claims against the County Defendants for insufficient service of process. *Id.* at 17-21. The undersigned recommended against granting Plaintiff leave to amend his complaint, because amendment would have been futile. *Id.* at 21-23. Finally, the undersigned recommended against exercise of supplemental jurisdiction over Plaintiff's asserted state law claim, and that the Declaratory Judgment Act did not provide a basis for relief. *Id.* at 23-26.

---

[1] The County Defendants are San Patricio County Sheriff Oscar Rivera, County Attorney Tamara Cochran-May, County Clerk Gracie Alaniz-Gonzales, District Clerk Heather Marks, and Records Clerk Heather Coffin. Plaintiff also sued the San Patricio County Sheriff's Department. (Doc. No. 1.)

Plaintiff objected to the undersigned's memorandum and recommendation, *see* Doc. No. 28, but the district court overruled his objections, found that it possessed subject matter jurisdiction over Plaintiff's claims, ordered dismissal of the case with prejudice, and entered final judgment. (Doc. Nos. 31, 32.)

Plaintiff subsequently filed a notice of appeal. (Doc. No. 33.) He now seeks to proceed *in forma pauperis* on appeal. (Doc. Nos. 36, 38, 39.)

Further facts necessary to the disposition of this *in forma pauperis* issue are set forth below.

### B. **Plaintiff's current** in forma pauperis *application.*

Requests to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. *Lockett v. Helfman Motor Sales, Inc.*, No. 4:21-CV-4082, 2022 WL 18911603, at *1 (S.D. Tex. Oct. 25, 2022) (Sheldon, M.J.). A litigant seeking to proceed *in forma pauperis* on appeal must attach an affidavit that shows in the detail prescribed by Rule 4 of the Appendix of Forms the litigant's inability to pay or to give security for fees and costs, claims an entitlement to redress, and states the issues that the litigant intends to present on appeal. Fed. R. App. P. 24(a)(1). Construing Plaintiff's filings liberally, the relevant information is asserted across four different documents. (Doc. Nos. 33, 36, 38, 39.)

#### 1. *Ability to pay.*

Plaintiff asserts under penalty of perjury that his household income is $41,000 per year. All of this income, he says, comes from his spouse's employment, because he states he is unemployed. (Doc. No. 38, p. 3.) Plaintiff denies having any other form of income in the previous 12 months. *Id.* He also asserts that neither he nor his spouse hold any type of property exceeding $1,000 in value. *Id.* at 4. He states that he and his spouse have three daughters to

support, and that the family's monthly expenses include rent, credit card payments, phone bills, vehicle gas and insurance payments, and grocery and electric bills. *Id.* Plaintiff states that he and his spouse have $1,900 in cash on hand or bank accounts. *Id.* at 5.

### *2. Entitlement to redress and issues to be raised on appeal.*

In his notice of appeal, Plaintiff stated, verbatim:

> Objections to Judge Neurock's final judgment. He clearly ignored the Plaintiff's following Rule 106 and Waivers of Summons. He clearly ignored the negligence of Attorney Gale conducted during Mr. Khnanishos' expungement process. He clearly ignored Attorney Cochran-May tampering with government documents as stated throughout the emails to Plaintiff, Theodore Khnanisho as she stated Sheriff Rivera permanently delete Mr. Khnanishos' criminal background from the San Patricio Sheriff's Department database.
>
> Here Judge Neurock acted unethical upon his sworn-in duties to uphold the laws of Mr. Khnanishos' Constitution Civil Rights.
>
> Mr. Khnanisho filed twice upon serving these Defendants as label in rule 106.
>
> Mr. Khnanisho listed in his Original and Amended Complaint for the relief he was seeking.
>
> Mr. Khnanisho stated the subject matter jurisdiction.

(Doc. No. 33, pp. 3-4.)

In his first motion to proceed *in forma pauperis* on appeal, Plaintiff does not elaborate on the specific issues he seeks to raise on appeal. Rather, he contends that he "has not been able to continue his passion, commitment and loyalty as a police officer . . . do [sic] to these defendants malpractice which should of never had happened as all of them were sworn in . . . to follow the rules of the Penal Code and understanding violations of anyone's Civil Rights." (Doc. No. 36, pp. 1-2.) Plaintiff also states: "Judge Neurock ignored the malpractices these defendants committed and yet he added onto refused Mr. Khnanisho from providing him with an appointed

counsel when he filed this case and overall Judge Neurock continued his attack on Mr. Khnanisho denying his relief of his damages." *Id.* at 1.

A second motion for leave to proceed *in forma pauperis* on appeal is set forth on a preprinted *in forma pauperis* form used by the United States Court of Appeals for the Federal Circuit. (Doc. No. 38.) There, when asked what issues he seeks to raise on appeal, Plaintiff states:

> Emails by defendants consistently blaming one another for their failure to comply with expungement order.
>
> Defendant Gale violated his contract agreement as an attorney.
>
> These defendants violating multiple open records requests.

*Id.* at 2.

A third motion to proceed *in forma pauperis* on appeal, filed on the same day as the others, mirrors the claims made in the first motion. (Doc. No. 39.)

Liberally construing Plaintiff's intended claims, the undersigned concludes that Plaintiff alleges that he is entitled to redress and that he intends to assert on appeal that the district court incorrectly (1) found a lack of subject matter jurisdiction, (2) found that the defendants were not properly served, (3) rejected Plaintiff's Texas state law claim alleging violation of an expunction order, (4) rejected Plaintiff's negligence and breach of contract claims against Attorney Gale, (5) rejected Plaintiff's claim against Attorney Cochran-May for tampering with government documents, and (6) rejected Plaintiff's claim regarding violation of open records requests.[2]

---

[2] The district court dismissed Plaintiff's claim against the San Patricio County Sheriff's Department because that organization is a nonjural entity. (Doc. No. 31, p. 3.) Plaintiff does not state that he would raise on appeal any issue regarding that dismissal.

### C. Legal standard.

Courts in this circuit grant authorization to proceed *in forma pauperis* on appeal if the litigant demonstrates that he or she is a pauper. A reviewing court must examine the financial condition of the applicant in order to determine whether the payment of fees would "cause [an] undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In assessing an *in forma pauperis* application, a court may consider the resources available to the litigant through family members, including the litigant's spouse. *See Winegarner v. Hartz*, No. 3:17-cv-1507-L, 2017 WL 3773648, at *1 (N.D. Tex. July 27, 2017) (citing *Williams v. Spencer*, 455 F. Supp. 205, 209 (D. Md. 1978); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002); *see also Pisano v. Astrue*, No. 11-30269-KPN, 2012 WL 79188, at *2 (D. Mass. Jan. 10, 2012) ("A number of courts have come to the same conclusion that the income and resources of a spouse, if not other close family members as well, are relevant to the determination of indigency under 28 U.S.C. § 1915."). One need not be absolutely destitute to qualify for *in forma pauperis* status, but that status is allowed only when a movant cannot pay filing costs and remain able to provide for himself and dependents. *See Ryan v. Ramsey*, 936 F. Supp. 417, 425 (S.D. Tex. 1996) (citing *Adkins v. E.I. DuPont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)).

The litigant must also demonstrate that the appeal is taken in good faith – that is, that a nonfrivolous issue exists for appeal. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986); *see Baugh v. Taylor*, 117 F.3d 197, 201-02 (5th Cir. 1997). "An appeal is taken in good faith if it raises legal points that are arguable on their merits thus not frivolous." *Lockett*, 2022 WL 18911603, at *1 (quoting *McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015)).

### D. Discussion.

#### 1. The undersigned declines to recuse himself from this case *sua sponte.*

Plaintiff, in addition to seeking to appeal the rulings in this case, has alleged that the undersigned has acted unethically. *E.g.*, Doc. No. 33, p. 4 (in notice of appeal, stating that the undersigned "acted unethical upon his sworn-in duties to uphold the laws of Mr. Khnanishos' Constitution Civil Rights"); Doc. No. 36, p. 1 ("Judge Neurock ignored the malpractices these defendants committed and yet he added onto refused Mr. Khnanisho from providing him with an appointed counsel when he filed this case and overall Judge Neurock continued his attack on Mr. Khnanisho denying his relief of his damages"). The undersigned has considered whether to recuse himself *sua sponte* from this *in forma pauperis* matter, and has determined that continued participation is both permissible and in the interests of justice.

Section 455 of Title 28, United States Code, requires federal judges are to disqualify themselves "in any proceeding in which [their] impartiality might reasonably be questioned" or where they have a "personal bias or prejudice concerning a party." 28 U.S.C. § 455(a). Recusal is also required where a judge has a "personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The relevant inquiry under both provisions "is an objective one, considering whether a 'reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'" *Johnson v. Lumpkin*, __ F.4th __, 2023 WL 4573535, at *5 (5th Cir. July 18, 2023) (quoting *Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999) and *Health Servs. Acquisition Corp. v. Liljeberg*, 796 F.2d 796, 800 (5th Cir. 1986)); *see also Bey v. Prator*, 53 F.4th 854, 859 (5th Cir. 2022). A reasonable person standard in the recusal context contemplates a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and

suspicious person." *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995). Under § 455(a), "'what matters is not the reality of bias or prejudice but its appearance,'" because "'justice must satisfy the appearance of justice.'" *United States v. Brocato*, 4 F.4th 296, 301 (5th Cir. 2021) (quoting, respectively, *Liteky v. United States*, 510 U.S. 540, 548 (1994) and *In re Murchison*, 349 U.S. 133, 136 (1955)).

Not all favorable or unfavorable opinions can be characterized as bias or partiality within the meaning of § 455. "Rather, the concept of bias 'connote[s] a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess … or because it is excessive in degree.'" *Brocato*, 4 F.4th at 302 (quoting *Liteky*, 510 U.S. at 550). Thus, a judge is not generally required to recuse for bias when the judge's "knowledge and the opinion it produced were properly acquired in the course of the proceedings." *Liteky*, 510 U.S. at 550-51. Indeed, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Id.* at 554. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves …, they cannot possibly show reliance upon an extrajudicial source, and can only in the rarest circumstances evidence the degree of favoritism or antagonism required … when no extrajudicial source is involved." *Id.* at 555-56.

The leveling of allegations of unethical conduct do not, themselves, mandate a judge's recusal. *Cf. Megaro v. McCollum*, 66 F.4th 151, 163 (4th Cir. 2023) (allegation of partiality was not related to any particular facts, sources, or statements, and judge not required to recuse because of "unsupported or highly tenuous speculation"); *United States v. Vampire Nation*, 451 F.3d 189, 208 (3d Cir. 2006) (district court not required to recuse itself *sua sponte* because criminal defendant filed judicial misconduct complaint).

Section 455 does not impel the undersigned's recusal in this case. First, the undersigned harbors no actual bias or prejudice toward Plaintiff, either on the merits of this case or because of any allegations of unethical conduct. The undersigned bears no ill will against Plaintiff for having leveled any such allegations and remains intent, as throughout this case, on faithfully and impartially applying the law to the facts. *See* 28 U.S.C. § 455(b)(1).

Likewise, a reasonable person with knowledge of the relevant circumstances would not harbor doubts about the undersigned's impartiality. *See* 28 U.S.C. §§ 455(a), (b)(1). As discussed in the sections below, the undersigned's rulings and recommendations in this case have been amply supported by the law and the facts, and all of the undersigned's actions in this case have been based solely on the facts developed on the record. Additionally, the undersigned understands his duty to sit as a judge in this case when there is no legitimate reason to recuse, just as the undersigned understands his duty to recuse when the law, facts, and circumstances require. *See In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) ("a judge is as much obliged not to recuse himself when it is not called for as he is obliged when it is"); *see also Smith v. CHRISTUS Health Ark-La-Tex*, No. 5:10CV34, 2013 WL 12242055, at *15 (E.D. Tex. Sept. 12, 2013) (finding no recusal issue, the Court is duty-bound not to recuse itself"); *Te-Ta-Ma Truth Found. v. The World Church of the Creator*, 246 F. Supp. 2d 980, 987 (N.D. Ill. 2003) (Lefkow, J.) ("it is well settled that a judge has an affirmative duty not to disqualify herself unnecessarily").

### 2. *Plaintiff's motion to proceed* in forma pauperis *should be denied because he fails to demonstrate that he is indigent.*

Plaintiff fails to demonstrate that he is indigent. Indeed, he is not indigent, and his motion to proceed *in forma pauperis* should be denied.

In his original motion to proceed *in forma pauperis* in the district court, Plaintiff initially stated that he had no wages or other income, and that he had $1,873.96 in cash or in a bank account but no other assets. Plaintiff also stated that he had various expenses for rent ($500), groceries ($175), utilities ($225), gasoline ($240), and credit card and car payments ($190 and $375, respectively). (IFP MC case, Doc. No. 1.) The undersigned directed Plaintiff to provide additional information using AO Form 238, *Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)*, because his application contained conflicting information.[3] Plaintiff's subsequent submission indicated that he and his spouse had no current income but expenses of $1,740 per month. (IFP MC case, Doc. No. 3, pp. 1-2, 5.) Asked on the form to provide any other information explaining why he could not pay the costs in his district court case, Plaintiff responded: "Due to this issue I have filed to correct and hold party (Defendants) liable, many employers will not hire me." *Id.* at 6.

At the August 31 hearing, the undersigned explored Plaintiff's employment situation more thoroughly. Plaintiff stated that he was unable to secure work in the law enforcement field. The undersigned asked Plaintiff why he was not seeking any other type of work in the meantime. Plaintiff responded, the undersigned recalls, that he had applied for positions at retail outlets like Walmart or Target, but that he had been rejected because he was "overqualified." Plaintiff gave no indication that he was incapable of working, and the undersigned was left with the firm belief that Plaintiff was fully capable of securing part-time or full-time work in some form if he chose to do so.

---

[3] One example: Plaintiff claimed to have no assets, but stated that he had a monthly car payment of $375. *See* IFP MC Case, Doc. No. 1, pp. 1-2.)

11 / 16

Plaintiff's current *in forma pauperis* application depicts a financial situation that has remained essentially stable. First, Plaintiff's spouse now earns $41,000 per year (Plaintiff had previously stated that there was no spousal income). Plaintiff also states that he and his spouse have $1900 in cash, checking accounts, or savings accounts. (Doc. No. 38, pp. 3, 5.) Plaintiff continues to claim that he is completely unemployable: "Without following the expungement order, I have not been able to be hired with any prospective employer which will bring me into more debt." *Id.* at 5.

Plaintiff's household income and savings indicate that he can afford to pay the $505 filing fee for his appeal. Plaintiff and his spouse earn $41,000 per year as a household, and they have $1,900 in bank accounts. And although Plaintiff continues to assert that the defendants' failure to expunge his arrest record continues to prevent him from being hired, he fails to explain why he cannot secure gainful work of *any* kind. Even if his allegedly unexpunged arrest record has prevented Plaintiff from securing employment in law enforcement, Plaintiff does not allege, much less show, that it prevents him from finding work in any other field. As with his district court *in forma pauperis* application, Plaintiff is not indigent, and he fails to show that paying the filing fee would result in undue financial hardship. The district court should deny his motion to proceed *in forma pauperis*.

> **3. Plaintiff's motion to proceed in forma pauperis *should be denied because his appeal would not be taken in good faith*.**

Even if Plaintiff were indigent, the district court should deny his motion to proceed *in forma pauperis* because his appeal would not be taken in good faith. All of the appellate issues that Plaintiff intends to raise are frivolous.

As discussed above, and construing his pleadings liberally, Plaintiff would assert on appeal that the district court (1) found a lack of subject matter jurisdiction, (2) found that the defendants were not properly served, (3) rejected Plaintiff's Texas state law claim alleging violation of an expunction order, (4) rejected Plaintiff's negligence and breach of contract claims against Attorney Gale, (5) rejected Plaintiff's claim against Attorney Cochran-May for tampering with government documents, and (6) rejected Plaintiff's claim regarding violation of open records requests. None of those issues would have any arguable merit.

### a. Lack of subject matter jurisdiction.

Contrary to Plaintiff's apparent view, the district court found that it possessed subject matter jurisdiction. (Doc. No. 31, p. 3.) Thus, this appellate issue, if Plaintiff were to raise it, would have no arguable merit.

### b. Failure to serve the defendants.

Also frivolous would be any appellate claim that Plaintiff properly served the defendants. As discussed in the undersigned's earlier memorandum, Plaintiff was not permitted to serve the defendants by certified mail. (Doc. No. 27, pp. 18-22.) Plaintiff states in his notice of appeal that the undersigned (and presumably the district court) "clearly ignored the Plaintiff's following [Texas Rule of Civil Procedure] 106 and Waivers of Summons." (Doc. No. 38, p. 2; *see also* Doc. No. 33, p. 4 (Mr. Khnanisho filed twice upon serving these Defendants as label in rule 106").) As discussed in the memorandum, Rule 106 did not permit Plaintiff to serve the defendants by certified mail. (Doc. No. 27, pp. 19-20.) Additionally, there is no evidence in the record that any defendant waived service of process, or that Plaintiff ever requested any such waiver. *See* Fed. R. Civ. P. 4(d). Any appeal regarding service of process would be frivolous and not taken in good faith.

### c. Texas state law claim.

Also frivolous would be an appellate issue challenging the district court's dismissal of Plaintiff's Texas state law claim for violation of an expunction order. As discussed in the memorandum and recommendation, Plaintiff failed to establish that he has a constitutional or federal right to expunction of his state arrest record. The district court found that Plaintiff failed to state a claim upon which relief may be granted. *See* Doc. No. 27, pp. 13-14, 15; Doc. No. 31, p. 3 & n.1; *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 697 (5th Cir. 1997) ("There is no constitutional basis for a 'right to expungement.'").

### d. Negligence and breach of contract claims against Attorney Gale.

Plaintiff indicates that he would appeal the district court's dismissal of his claims against private Attorney Gale for negligence and breach of contract. Any such appeal would be frivolous, because breach of contract and negligence claims do not implicate any constitutional or federal right of Plaintiff's. Additionally, such claims could not support liability against private Attorney Gale under § 1983. *See Guthrie v. Niak*, No. H-12-1761, 2017 WL 770988, at *15 (S.D. Tex. Feb. 28, 2017) (Harmon, J.) (breach of contract claims not cognizable under § 1983); *Irby v. Hinkle*, No. 21-40621, 2023 WL 2524447, at *2 (5th Cir. Mar. 15, 2023) (unpublished) ("claims of negligence or malpractice … are not cognizable § 1983 claims"). The district court correctly found that Plaintiff failed to state a viable cause of action with regard to either of these claims; any appeal of the dismissal would be frivolous.

### e. Tampering with government documents claim against Attorney Cochran-May.

Liberally construed, Plaintiff's notice of appeal also indicates that he would appeal the judgment of dismissal because the undersigned "clearly ignored Attorney Cochran-May

14 / 16

tampering with government documents as stated throughout the emails to Plaintiff, Theodore Khnanisho as she stated Sheriff Rivera permanently delete Mr. Khnanishos' criminal background from the San Patricio Sheriff's Department database." (Doc. No. 33, p. 3, reproduced as written.) To the extent Plaintiff attempts to raise a claim on appeal regarding tampering with government documents, any such appeal would be frivolous. Plaintiff did not allege any such cause of action in the district court, and cannot raise such a claim for the first time on appeal. *See Perry v. Tex. Dep't. of Criminal Justice*, 275 F. App'x 277, 277 (5th Cir. 2008) (citing *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000); *United States v. Arthur*, 397 F. App'x 976, 977-78 (5th Cir. 2010); *Kundra v. Austin*, 233 F. App'x 340, 341 (5th Cir. 2007). Because Plaintiff cannot allege a new cause of action on appeal, any appeal on this basis would be frivolous.

### f. Open records request claim.

Finally, liberal construction of Plaintiff's notice of appeal indicates that he would raise an issue regarding "These defendants violating multiple open records requests." (Doc. No. 38, p. 2.) Plaintiff's action in the district court alleged no cause of action for violation of any open records law. Any appeal attempting to raise such an issue for the first time now would be frivolous. *See Perry*, 275 F. App'x at 277; *Arthur*, 397 F. App'x at 977-78; *Kundra*, 233 F. App'x at 341.

### E. Conclusion and recommendation.

The district court should deny Plaintiff's request to proceed *in forma pauperis* on appeal. Plaintiff has failed to demonstrate that he is indigent. Additionally, Plaintiff's appeal would not be taken in good faith because he fails to identify any non-frivolous issue.

*F. Notice.*

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on August 7, 2023.

MITCHEL NEUROCK
United States Magistrate Judge